OPINION OF THE COURT
Richard A. Molea, J.
Relief Requested
By notice of motion, the plaintiff moves the court to enter an order pursuant to section 1312 of the Civil Practice Law and Rules for the provisional remedy of attachment of property legally owned by non-criminal defendant Abdullah Mozeb, alleging that such property is an instrumentality of a post-conviction forfeiture crime committed by criminal defendant Isom Mozeb. Specifically, the plaintiff seeks an order of attachment concerning a motor vehicle identified as a 2005 BMW 530 bearing New York registration DXW-2804 and vehicle identification number WBANA735O5BO4903 (hereinafter, the subject vehicle), titled and registered under the name of the non-criminal defendant.
*965 Factual Background
The instant civil action was commenced on August 11, 2010 pursuant to article 13-A of the CPLR upon the plaintiffs filing of a notice of motion seeking the provisional remedy of attachment for the forfeiture of the subject vehicle as an “instrumentality” of the criminal defendant’s commission of a “post-conviction forfeiture crime” pursuant to CPLR 1310 (4) and (5). In support of her claim that she has met her burden for the issuance of an order of attachment, the plaintiff submits that she has satisfied all of the statutorily required elements prescribed under CPLR 1312 (3) by showing that there exists a substantial probability that she will prevail on the issue of forfeiture, that the failure to enter the order may result in the subject vehicle being unavailable for forfeiture, and that the need to so preserve the availability of the subject vehicle outweighs resulting hardship to the non-criminal defendant in his capacity as the legally recognized owner of same. In opposition to the plaintiffs argument in support of the issuance of an order of attachment, the defense argues that the plaintiff has failed to meet her burden to establish any of the above-referenced statutory elements prescribed under CPLR 1312 (3) for the attachment of the subject property.
In support of her claim that the subject vehicle constitutes an “instrumentality” of the criminal defendant’s commission of a crime, the plaintiff argues that the criminal defendant’s use of the subject vehicle contributed directly and materially to his commission of a “post-conviction forfeiture crime.” Specifically, the plaintiff alleges that prior to the commencement of this forfeiture action, the criminal defendant was arrested on January 14, 2010 after he used the subject vehicle to transport a quantity of Percocet pills to the residence of a known associate for the purpose of selling same, thereby directly and materially contributing to his commission of a post-conviction forfeiture crime relating to his knowing and unlawful possession of the narcotic drug known as oxycodone contained within the Percocet pills. In support of her claim that the criminal defendant has committed a “post-conviction forfeiture crime” as defined in CPLR 1310 (5), the plaintiff submits that following the criminal defendant’s arrest on January 14, 2010, he was duly convicted of the crime of criminal possession of a controlled substance in the fourth degree pursuant to Penal Law § 220.09 (1) on June 3, 2010 in the Westchester County Court (Colangelo, J.) under superior court information No. 144S-10. In con *966 nection with the entry of this guilty plea to the underlying forfeiture crime of conviction (hereinafter, underlying crime), the defendant allocuted to his conduct before the Westchester County Court (Colangelo, J.) and acknowledged that he utilized the subject vehicle to possess a quantity of Percocet pills, weighing one eighth of one ounce or more, until same were seized from within the subject vehicle at the time of his arrest on January 14, 2010. Significantly, the defendants do not oppose the plaintiff’s claim that the subject vehicle constitutes an “instrumentality” of the criminal defendant’s commission of a “post-conviction forfeiture crime.”
In support of her claim that she has met her burden for the issuance of an order of attachment under CPLR 1312 (3), the plaintiff argues that she has shown that there exists a substantial probability that she will prevail on the issue of forfeiture, that the failure to enter the order may result in the subject vehicle being unavailable for forfeiture, and that the need to so preserve the availability of the subject vehicle outweighs resulting hardship to the non-criminal defendant in his capacity as the legally recognized owner of same. In opposition, defense counsel challenges the plaintiff’s claims regarding all three prongs of the CPLR 1312 standard, arguing that the plaintiff has failed to successfully demonstrate either that there is a substantial probability that she will prevail on the issue of forfeiture in this case, that the court’s failure to enter an attachment order may render the subject vehicle unavailable for forfeiture, or that the plaintiffs interest in preserving the subject vehicle for forfeiture outweighs the resulting hardship upon the non-criminal defendant.
With respect to the first prong of the CPLR 1312 standard, the plaintiff submits that her burden to show that there exists a substantial probability that she will prevail on the issue of forfeiture is guided by CPLR 1311 (3) (b) (iv) which requires the plaintiff to prove by a preponderance of the evidence that the non-criminal defendant knew that the subject vehicle was or would be used in the commission of a crime, or that he knowingly obtained his interest in the subject vehicle to avoid forfeiture. In support of her burden in this regard, the plaintiff relies upon the affidavit of Detective Michael Cassino of the Yonkers Police Department (YPD) for her proposition that the noncriminal defendant knowingly obtained his interest in the subject vehicle in order to avoid forfeiture. In substance, the plaintiff suggests that the non-criminal defendant possesses an *967 interest in the subject vehicle “in title only” based upon allegations set forth in the affidavit of Detective Cassino which relate that members of the YPD observed the criminal defendant operating the subject vehicle on multiple occasions throughout the six-month-long criminal investigation which preceded his arrest for the underlying crime, noting that the non-criminal defendant was never observed operating the subject vehicle throughout that same six-month time period. Through his affidavit, Detective Cassino also relates that several items belonging to the criminal defendant, including credit cards, a New York State benefit card and a cellular telephone were seized from within the subject vehicle pursuant to an inventory search of same after the defendant was arrested for the underlying crime. Detective Cassino’s affidavit further alleges that the defendant admitted his ownership of the subject vehicle and was found to be in possession of a key ring at the time of his arrest which bore the key to the subject vehicle as well as a gym membership placard which he asserted ownership over. In addition, Detective Cassino’s affidavit relates that the criminal defendant’s ownership of the subject vehicle is further evidenced by the statements he and his girlfriend, Crystal Irizarry, made to that effect to YPD detectives following his arrest for the underlying crime, as well as the reference to several photographs posted on the criminal defendant’s Facebook page which were taken of him while he posed with the subject vehicle. Finally, the plaintiff relies upon the fact that the non-criminal defendant is currently the registered owner of four vehicles, including the subject vehicle, for the proposition that the subject vehicle was actually owned by the criminal defendant despite the fact that it is registered to the non-criminal defendant.
In opposition to the plaintiffs argument that she has proved by a preponderance of the evidence that the non-criminal defendant knowingly obtained his interest in the subject vehicle to avoid forfeiture, the defense claims that although Detective Cassino’s affidavit indicates that members of the YPD observed the criminal defendant operating the subject vehicle throughout the six-month-long criminal investigation which preceded his arrest for the underlying crime, the affidavit does not contain any claim that the subject vehicle was under surveillance continuously during that period. The defense further challenges Detective Cassino’s claim that the criminal defendant’s cellular telephone, credit cards and identification were seized from within the subject vehicle pursuant to an inventory search of *968 same, alleging that such property was seized from within the criminal defendant’s pocket and wallet following his arrest for the underlying crime. Furthermore, to the extent that Detective Cassino’s affidavit relates that the criminal defendant and Crystal Irizarry made statements indicating that the subject vehicle belonged to the criminal defendant, the defense submits affidavits from each of them through which they deny making such statements as well as those attributed to the criminal defendant by Detective Cassino with respect to his ownership of the subject vehicle’s key ring and attached gym membership placard, and his alleged posing with the subject vehicle in photographs posted on his Facebook page.
With respect to the second prong of the CPLR 1312 standard, the plaintiff submits that her burden to show that the court’s failure to enter an attachment order will render the subject vehicle unavailable for forfeiture is satisfied by the fact that the non-criminal defendant would have little reason not to dissipate its value or remove it from the jurisdiction because he has three other registered vehicles available to him for his use, and his willingness in the past to conceal the criminal defendant’s actual ownership of the subject vehicle further suggests that he would be willing to similarly aid the criminal defendant’s effort to avoid the forfeiture of the subject vehicle in the future. In opposition, the defense merely offers the conclusory claim that the non-criminal defendant would not destroy or dispose of the subject vehicle if the order of attachment was not granted by this court, further asserting that the plaintiff has offered no proof to the contrary.
With respect to the third prong of the CPLR 1312 standard, the plaintiff submits that the need to preserve the availability of the subject vehicle for forfeiture outweighs the resulting hardship to the non-criminal defendant, specifically arguing that the hardship experienced by the non-criminal defendant arising from his inability to make use of the subject vehicle during the pendency of this action is a mere inconvenience, whereas the non-criminal defendant’s dissipation of same would undermine this entire forfeiture action. In opposition, the defense merely offers the conclusory claim that if the subject vehicle is not returned to the non-criminal defendant upon the denial of the instant application, he will only have one vehicle that is used for his business of operating a grocery store.
*969 Conclusions of Law
In connection with the pursuit of a civil forfeiture action, CPLR 1312 (1) provides the claiming authority with the right to seek the provisional remedy of attachment in order to preserve the status quo during the pendency of the criminal action, thereby ensuring the availability of assets to secure any forfeiture judgment which may be obtained, consistent with applicable statutory requirements (see CPLR 1311 [1]; see also Morgenthau v Citisource, Inc., 68 NY2d 211, 219 [1986]). Initially, the court finds that the Westchester County District Attorney is an appropriate claiming authority pursuant to CPLR 1311 (1) which is entitled to bring the instant civil forfeiture action to recover property which is alleged to constitute “an instrumentality of a crime” pursuant to CPLR 1310 (11). Furthermore, the court finds that an instrumentality of a crime may include a motor vehicle such as the subject vehicle pursuant to CPLR 1310 (4) which defines same as “any property, other than real property and any buildings, fixtures, appurtenances, and improvements thereon, whose use contributes directly and materially to the commission of a crime.” In addition, the court finds that as further provided by CPLR 1310 (5), the commencement of the instant civil forfeiture action may be pursued against the noncriminal defendant here due to the criminal defendant’s previous conviction of the felony offense of criminal possession of a controlled substance in the fourth degree pursuant to Penal Law § 220.09 (1) on June 3, 2010.
Upon consideration of the merits of the instant application for the issuance of the provisional remedy of attachment, the court notes that CPLR 1312 (3) requires that the plaintiff establish that there is a substantial probability that she will prevail on the issue of forfeiture, that the court’s failure to enter the requested order of attachment may result in the subject vehicle being unavailable for forfeiture, and that the need to preserve the availability of the subject vehicle for forfeiture outweighs the hardship which the issuance of the order of attachment may present for the non-criminal defendant. In this regard, the court further finds that the plaintiffs pursuit of the instant action against the non-criminal defendant as a post-conviction forfeiture action to recover property which constitutes an instrumentality of the criminal defendant’s commission of the underlying crime is governed by CPLR 1311 (3) (b) (iv) which requires the plaintiff to prove by a preponderance of the evidence the facts necessary to establish the claim for forfeit *970 ure and that either the non-criminal defendant knew that the subject vehicle was or would be used in the commission of a crime, or that the non-criminal defendant knowingly obtained his interest in the subject vehicle, as the instrumentality at issue, to avoid forfeiture. In support of the instant application, the plaintiff has alleged that the non-criminal defendant knowingly obtained his interest in the subject vehicle in order to avoid forfeiture.
Turning first to consider whether the plaintiff has satisfied her ultimate burden to show that there exists a substantial probability that she will prevail on the issue of forfeiture as required by CPLR 1312 (3) (a), the court finds that the plaintiff has met her burden under CPLR 1311 (3) (b) (iv) to prove by a preponderance of the evidence that the non-criminal defendant knowingly obtained his interest in the subject vehicle to avoid forfeiture. In this regard, the court credits the affidavit of YPD Detective Michael Cassino for the plaintiffs proposition that the non-criminal defendant was the owner of the subject vehicle “in title only.” Specifically, the court finds significance in Detective Cassino’s allegation that the criminal defendant was observed operating the subject vehicle on numerous occasions throughout the six-month period preceding his arrest for the underlying crime and the seizure of the subject vehicle, while the non-criminal defendant was never observed operating it during that same period. Furthermore, the court finds that the criminal defendant’s admission in his affidavit to his repeated use of the subject vehicle, despite the suspension of his driving privileges in this state, suggests that the criminal defendant held himself out as the owner of the subject vehicle and used same with the tacit approval of the non-criminal defendant who, at the very least, should have known that his unlicensed son was driving the subject vehicle at will. Finally, the court finds that the non-criminal defendant’s challenge to the plaintiffs claim that he is the owner of the subject vehicle “in title only” is undermined by the non-criminal defendant’s admission in his affidavit to having been the registered owner of four distinct non-commercial vehicles, including the subject vehicle, at the time of the defendant’s arrest for the underlying crime. Accordingly, although the non-criminal defendant is the registered owner of the subject vehicle, his ownership interest appears to have been so significantly limited by the criminal defendant’s consistent and regular use of same, that the court finds it reasonable to infer that the non-criminal defendant’s *971 ownership interest is illusory and that it was knowingly obtained by the non-criminal defendant in order to avoid the potential forfeiture of the subject vehicle as a consequence of the criminal defendant’s use of same to further his possession, transport and sale of illicit narcotics (see generally Swiss Bank Corp. v Mehdi Eatessami, 26 AD2d 287, 290 [1966]). Based upon the foregoing, the court finds that the plaintiff has satisfied her burden to show that there exists a substantial probability that she will prevail on the issue of forfeiture pursuant to CPLR 1312 (3) (a).
Turning next to consider the plaintiffs burden to show that the failure to enter an attachment order may render the subject vehicle unavailable for forfeiture, the court is satisfied that the plaintiff has met her burden in this regard based upon her argument that the non-criminal defendant would have little reason to refrain from dissipating its value or removing it from the jurisdiction, as he has an ownership interest in other vehicles which are available to him for his use. Furthermore, as the non-criminal defendant has demonstrated an inability or unwillingness to prevent the criminal defendant from using the subject vehicle as his own in the past, the court does not find that the non-criminal defendant would be either capable or willing to prevent the criminal defendant from dissipating its value or removing it from the jurisdiction in order to thwart the forfeiture of the subject vehicle in the future. Based upon the foregoing, the court finds that the plaintiff has satisfied her burden to show that the failure to enter an attachment order might render the subject vehicle unavailable for forfeiture pursuant to CPLR 1312 (3) (a).
With respect to the plaintiffs burden to show that the need to preserve the availability of the subject vehicle for forfeiture outweighs the resulting hardship to the non-criminal defendant, the court finds that the defense claim of potential hardship concerns the non-criminal defendant’s reliance upon only one vehicle that is used for his business of operating a grocery store is completely unavailing when balanced against the plaintiffs interest in preserving the availability of the subject vehicle for forfeiture, as the non-criminal defendant’s dissipation of the subject vehicle would undermine this entire forfeiture action. Based upon the foregoing, the court finds that the plaintiff has satisfied her burden to show that the need to preserve the availability of the subject vehicle for forfeiture outweighs the resulting hardship to the non-criminal defendant pursuant to CPLR 1312 (3) (b).
*972 Accordingly, the court finds that the plaintiff has met her burden as the claiming authority to demonstrate by a preponderance of the evidence that there is a substantial probability that she will prevail on the issue of forfeiture, that the failure to enter an order of attachment may result in the property being unavailable for forfeiture, and that the need to preserve the availability of the property outweighs the hardship upon the non-criminal defendant in this case.
Based upon the foregoing, it is ordered, that the plaintiff’s motion for the entry of an order of attachment as a provisional remedy pursuant to CPLR 1312 against the motor vehicle identified as a 2005 BMW 530 bearing New York registration DXW-2804 and vehicle identification number WBANA735O5BO4903 titled and registered under the name of Abdullah Mozeb is hereby granted.